ored to make clear that, so far as a change of route was concerned, in conjunction with the state authorities, the board of supervisors might make the change. The route of the proposed road might be established and an extraordinary flood might develop that the route was wholly impractical; nevertheless, from the interpretation given to the law before the amendments were enacted, the authorities would be powerless to change. At the time the original law was passed the State Engineer was the representative of the state, and to my mind it is altogether too strict a construction of the law to say that the state and the county authorities acting together were powerless to make any change. If the change was not absolutely illegal plaintiff's complaint does not state a cause of action. The action is a taxpayer's action, and, if the change of route was legal, sufficient waste does not appear to warrant relief. The highway commission and the board of supervisors, under the law as it now exists, could ratify the route, and it seems to me it is idle to grant the injunction.

I therefore vote for an affirmance of the order.

COCHRANE, J., concurs.

---

### COTTONWOOD CREEK COPPER CO. v. KUEHNERT.

#### SAME v. BARNES.

(Supreme Court, Appellate Division, First Department.   January 13, 1911.)

DISMISSAL AND NONSUIT (§ 42*)—DISCONTINUANCE—EFFECT.

   Where an action has been discontinued, there is no action pending until the discontinuance is vacated, and until that time a motion to open a default does not lie.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 75–83; Dec. Dig. § 42.*]

Actions by the Cottonwood Creek Copper Company against Robert Kuehnert and against Hans F. Barnes. On motions to open default. Denied.

See, also, 136 App. Div. 929, 120 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

F. M. Franklin, for the motions.
Henry W. Scott, opposed.

PER CURIAM. The actions have been discontinued, and until the order of discontinuance is vacated there are no actions pending in which motions can be made.

These motions should therefore be denied, with $10 costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes